*Filed in open Court this 5th day of July 2008*

*JJF*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 08-21-JJF |
| | ) |
| JACQUAN SMITH, | ) |
| Defendant. | ) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Ilana H. Eisenstein, Assistant United States Attorney for the District of Delaware, and the defendant, Jacquan Smith, by and through his attorney, Elayne Bryn, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Counts II and III of the Indictment. Count II of the Indictment charges him with possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), which carries a maximum penalty of 5 years of imprisonment, up to a $250,000 fine, a lifetime of supervised release, of which 2 years are minimum mandatory, and a $100 special assessment. Count III of the Indictment charges him with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), which carries a maximum penalty of lifetime imprisonment, of which 5 years are minimum mandatory and must run consecutive to any other penalty imposed, up to a $250,000 fine, or both, 5 years of supervised release, and a $100 special

assessment. The Government agrees to dismiss Count I of the Indictment, at or about the time of sentencing.

2. The defendant understands that, if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offense to which he is pleading guilty. For Count II the elements are: (1) on or about December 12, 2007, the defendant knowingly possessed a controlled substance; (2) the substance was marijuana; (3) the defendant acted knowingly; and (4) the defendant acted with the intent that the substance would be distributed to one or more other persons. For Count III the elements are: (1) the defendant committed the drug trafficking crime alleged in Count II of the Indictment; (2) the defendant knowingly possessed a firearm, that is a .22 caliber Ruger Pistol, serial number 215-18842; and (3) the defendant possessed the firearm in furtherance of the commission of the drug trafficking crime charged in Count II of the Indictment.

3. The defendant agrees to forfeit all interests in the firearm and ammunition involved in the violation alleged in Count III of the Indictment, to wit, a .22 caliber Ruger Pistol, serial number 215-18842 and 1 .22 caliber round of ammunition seized from him by police on December 12, 2008. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

4. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an

appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the applicable mandatory minimum penalties and the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

5. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility is appropriate, and the Government will move for an additional one-point reduction, pursuant to Sentencing Guideline Section 3E1.1.

6. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

8. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified

only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

_____  
Elayne Bryn, Esquire  
Attorney for Defendant

COLM F. CONNOLLY  
United States Attorney

By: _____  
Ilana H. Eisenstein  
Assistant United States Attorney

_____  
Jacquan Smith  
Defendant

Dated: July 8, 2008

**AND NOW**, this __8__ day of __July__, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____  
Honorable Joseph J. Farnan, Jr.  
United States District Judge

4